IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERYL LYNN SCHAEFER, *et al.*,

    Plaintiffs,

    v.                                      Civil Action No. PX-15-02690

UNITED STATES OF AMERICA,

    Defendant.

******

**MEMORANDUM OPINION**

Pending in this tort action is a Motion for Summary Judgment filed by Defendant United States of America (ECF No. 27). The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Defendant's Motion for Summary Judgment is granted.

**I.    BACKGROUND[1]**

On December 1, 2012, Plaintiffs Sheryl Lynn Schaefer ("Mrs. Schaefer") and Thomas G. Schaefer ("Mr. Schaefer," and collectively, "Plaintiffs") visited the Naval Air Station Patuxent River to attend a Christmas craft fair at the Drill Hall. Compl., ECF No. 1 at 3. The weather was clear and sunny, and Mrs. Schaefer was wearing tennis shoes. Mrs. Schaefer Dep., ECF No. 27-2 at 20.

While walking from the parking lot to the Drill Hall, Mrs. Schaefer followed "a couple feet" behind her husband in a single-file line on the sidewalk. Mrs. Schaefer Dep., ECF No. 27-2 at 21. Also on the sidewalk was a single-file line of individuals who were exiting the craft fair

---

[1] Unless otherwise noted, the facts here are construed in the light most favorable to the Plaintiffs, the nonmoving party.

1

and walking parallel to the line of people whom the Plaintiffs were walking behind. Mrs. Schaefer Dep., ECF No. 27-2 at 21. The pedestrians were far enough apart from one another that no one was physically touching. Mrs. Schaefer Dep., ECF No. 27-2 at 22. Mrs. Schaefer was looking over her husband's left shoulder at those exiting the fair and walking slowly in an effort to not run into him. Mrs. Schaefer Dep., ECF No. 27-2 at 21. As Plaintiffs neared the Drill Hall, Mrs. Schaefer "stepped down and [she] felt something uneven," and "went down onto the sidewalk." Mrs. Schaefer Dep., ECF No. 27-2 at 22. Neither Mr. or Mrs. Schaefer had noticed anything unusual about the sidewalk before Mrs. Schaefer fell. Mrs. Schaefer Dep., ECF No. 27-2 at 24.

After Mrs. Schaefer's fall, Plaintiffs noticed that the concrete was cracked and misaligned. At its worst, the misaligned pieces created a lip with a depth of about one to one-and a-half inches, as depicted in the photos below.[2] *Id.*; Mr. Schaefer Dep., ECF No. 27-3 at 14. Defendant admits constructive knowledge of the sidewalk's condition. Willard Dep., ECF No. 29-1 at 5.



ECF No. 27-5 at 1; ECF No. 27-4 at 2.

Plaintiffs brought suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671,

---

[2] These photos were taken in 2014 after the sidewalk defect had been repaired. The black lines are the sidewalk defect as best remembered by Mr. Schaefer. *See* Mr. Schaefer Dep., ECF No. 27-3 at 14.

2

on September 14, 2015 alleging that Defendant is liable for failing to repair or warn of the defective sidewalk which caused Mrs. Schaefer to fall. Mrs. Schaefer is claiming as damages her medical expenses, lost earnings, physical pain and mental anguish, and other economic and non-economic injury. Compl., ECF No. 1 at 5. Plaintiffs also bring a claim of loss of consortium, alleging that the fall caused injury to their marital relationship including "loss of society, affection, assistance, companionship, and loss of sexual relations." *Id.* In total, Plaintiffs claim $2,000,000 in damages.

On November 30, 2016, Defendant moved for summary judgment, arguing that because the crack in the sidewalk did not present an unreasonable risk of injury and was obvious to everyone including Plaintiff, Defendant cannot be liable for Mrs. Schaefer's injuries. ECF No. 29. For the reasons that follow, the Court agrees.

## II.     STANDARD OF REVIEW

Summary judgment is properly granted only where no genuine dispute exists as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If any material factual issue may be reasonably resolved in favor of either party, summary judgment is inappropriate. *Liberty Lobby*, 477 U.S. at 250. The moving party bears the burden of showing no genuine issue of disputed material fact, which may include demonstrating that the Plaintiff has failed to marshal sufficient evidence to sustain her burden on any essential element. *Celotex*, 477 U.S. at 322–23. A "mere scintilla" of proof is insufficient to defeat the motion. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). Conclusory statements devoid of evidentiary foundation also are not to be considered. *Tasciyan v. Med. Numerics*, 820

F. Supp. 2d 664, 670 (D. Md. 2011). All facts must be construed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### III. ANALYSIS

#### A. Choice of Law

Under the FTCA, the United States can only be held liable in tort a where private person or entity would be liable under the law of the place where the incident happened. *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). Because Mrs. Schaefer's fall took place in Maryland, Maryland tort law governs.

#### B. Count I: Negligence

To sustain a negligence claim, Mrs. Schaefer must show that (1) Defendant owed her a duty to protect her from injury; (2) that such duty was breached; (3) Defendant's breach was the cause and proximate cause of Plaintiff's injuries; and (4) damages resulted. *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010). It is undisputed that Plaintiffs were business invitees. ECF No. 27-1 at 6; ECF No. 29 at 6. Accordingly, Defendant owed Plaintiffs a duty of care to protect them from *unreasonable* risk of injury. *Sherman v. Suburban Trust Co.*, 384 A.2d 76, 79 (Md. 1978); *Frostbutter v. Bob Evans Farms, Inc.*, No. 12-2388, 2013 WL 4026985, at *4 (D. Md. Aug. 6, 2013) (emphasis added). Unreasonable risks are those that will not be discovered by invitees exercising ordinary care for their own safety. *Leatherwood Motor Coach Tours Corp. v. Nathan*, 84 Md. App. 370, 381 (1990) (quoting *Sherman*, 282 Md. at 242).

Defendant argues that it cannot be held liable for Plaintiff's injuries because the crack in the sidewalk did not present an unreasonable risk and was open, obvious and readily apparent to all, including Mrs. Schaefer. ECF 27-1 at 5–12. Plaintiffs contends that the sidewalk defect presented an unreasonable risk which Defendant were obligated warn its invitees against the

4

hazards it posed. Further, Plaintiff contends that her husband's walking in front of her as well as other nearby pedestrians obstructed her view, rendering it impossible for her to avoid injury. Compl., ECF No. 1. Defendant has the better argument.

It is well settled that uneven ground surface generally does not amount to an "unreasonable risk," because pedestrians customarily and ordinarily expect to encounter such variations in terrain. *Leatherwood*, 84 Md. App. at 383 (quoting *Pierce v. Baltimore*, 220 Md. 286 (1959)); *see also Gellerman v. Shawan Rd. Hotel Ltd. P'ship*, 5 F. Supp. 2d 351, 353 (D. Md. 1998) (holding that it is common knowledge that cracks and uneven spots often develop in pavement.); *see also Scott v. Sears, Roebuck and Co.*, 789 F.2d 1052, 1054 (4th Cir. 1986) (Plaintiff cannot recover for injuries caused by open and obvious defects such as 'irregularities in grade, unevenness in surface [and] sharp depressions' frequently present in public walkways). It is simply an accepted fact of daily living that "pavements will in time become irregular and uneven from roots of trees, heavy rains and snows, or other causes." *Martin v. Mayor & Council of Rockville*, 258 Md. 177, 182 (1970) (city not liable for injuries sustained from depression in sidewalk that was 4 ½ inches wide, 7 inches long and no more than 1 ½ inches deep).

Moreover, whereas here, the alleged defect is open and obvious, Plaintiff is not entitled to recovery. *Coleman*, 369 Fed. App'x at 462. Open and obvious conditions are apparent and recognizable to "a reasonable person in the position of a visitor, exercising ordinary perception, intelligence, and judgment." *Id.* (citing 65A C.J.S. Negligence § 639 (West 2009)). When encountering such conditions, the invitee is responsible for exercising basic care for her own safety, including "a duty to look and see what is around [her]." *Id.* (citing *Tennant v. Shoppers Food Warehouse*, 115 Md. App. 381, 389 (Md. Ct. Spec. App.1997)). Whether a defect is open and obvious usually must be reserved for the trier of fact. *C & M Builders, LLC v. Strub*, 420

Md. 268, 299 (Md. 2011). However, "where it is clear that any [reasonable] person [in plaintiff's position] must have understood the danger, the issue may be decided by the court." *Id.* (citing Prosser and Keeton on Torts, § 68 at 489 (5th ed. 1984)).

With the above principles in mind, Plaintiff cannot sustain her claim as a matter of law. The sidewalk crack, even with a one and a half inch gap at its deepest, is among the reasonable and expected variations in a sidewalk surface which Defendants cannot be expected to remedy at every turn. *Martin*, 258 Md. at 282. Further, a reasonable pedestrian in Plaintiff's position is expected to be aware of her surroundings and exercise ordinary care to keep herself safe. That Plaintiff's view of the crack may have been temporarily obstructed by her husband's walking in front of her does not compel a different outcome. Mrs. Schaefer Dep., ECF No. 27-2 at 21. Although invitees may, in certain instances, be excused from observing open and obvious defects due to unexpected distractions beyond the "miscellany of activity normally found," *Gellerman*, 5 F. Supp. 2d at 354, that is not the case here.

Pedestrians walking alongside others is among the "miscellany of normal activity" considered customary rather than unexpected. In this regard, *Gellerman* is instructive. There, the Plaintiff had tripped on an uneven curb while walking during the daytime and in sneakers. Plaintiff contended that because she had been distracted by having to be on the lookout for oncoming cars, she could not be held liable for not noticing the sidewalk defect. The court rejected Plaintiff's contention and granted summary judgment for the defendant precisely because the uneven curb was open and obvious to any reasonable person, including Plaintiff, "exercising ordinary care for her own safety." *See id.* at 353–54. Similarly here, pedestrians on a sidewalk is as normal and expected as potential oncoming traffic in *Gellerman*. Indeed, even Plaintiff admitted that nothing prevented her from putting greater distance between her and Mr.

Schaefer to give her a better view of the sidewalks. Mrs. Schaefer Dep., ECF No. 27-2 at 22. Defendant cannot be held liable for Plaintiff's own choice to walk in a manner that, according to her, limited her view of a sidewalk crack that was otherwise an open, obvious and not unreasonable variation in terrain. *See* Photos, ECF No. 27-5 at 1; ECF No. 27-4 at 2.

In sum, the sidewalk crack, when viewed most favorably to Plaintiff, was readily apparent and obvious to a reasonable pedestrian including Plaintiff and did not present an unreasonable risk given the normal and customary variations in terrain. Any reasonable person in Plaintiff's position exercising ordinary care could avoid this obvious defect. In this situation, Maryland law simply does not allow Plaintiff's negligence claim to proceed. Defendant's motion, therefore, is granted as to Count I.

### C. Count II: Loss of Consortium

Defendant's motion as to Count II, Mr. Schaefer's loss of consortium claim fails as well. Loss of consortium is designed to remedy injury to the marital entity arising from "the loss of society, affection, assistance, and conjugal fellowship suffered by the marital unit as a result of the physical injury to one spouse through the tortious conduct of a third party." *Oaks v. Connors*, 339 Md. 24, 33 (1994); *see also Deems v. Western Maryland Ry.*, 247 Md. 95, 100 (1967). Loss of consortium, therefore, is a derivative claim predicated on a finding of harm under the underlying negligence claim. Where, as here, the underlying negligence Count is barred, so too is the companion loss of consortium claim. *Schmidt v. Town of Cheverly*, 212 F. Supp. 3d 573, 584 (D. Md. 2016); *Dehn v. Edgecombe*, 152 Md. App. 657, 694 (2003), *aff'd*, 384 Md. 606 (2005) (holding that a defense which bars recovery for personal injuries inflicted on one family member will also bar recovery for loss of consortium by another family member).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. A separate order will follow.

6/9/2017
Date

/S/
Paula Xinis
United States District Judge